**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CANOPIUS US INSURANCE, INC.,

        Plaintiff,

v.                                     Case No. 3:14-cv-457-J-34JBT

SAGUN CORPORATION d/b/a SUNRISE
FOOD MART; NIRANJAN SURYAKANT
PATEL; CHERYL WERMUTH; LINDA
KOLUMBUS; GARY KOLUMBUS; and U-
HAUL CO. OF FLORIDA,

        Defendants.

_____/

**O R D E R**

      **THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated the instant action on

April 21, 2014, by filing a three-count Complaint for Declaratory Judgement (Doc. No. 1;

Complaint) against Defendants.  Upon review of Complaint, the Court is unable to determine

whether it has jurisdiction over this action.  Federal courts are courts of limited jurisdiction

and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland

v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists

regardless of whether the parties have challenged the existence of subject matter

jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)

("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction

sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have

at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific

statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In this case, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and there is diversity among the parties.  Complaint at 2-3.  For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  Upon review of the allegations in the Complaint, however, the Court is unable to determine the citizenship of several Defendants.[1] Plaintiff alleges that "Defendant, Sagun Corporation d/b/a Sunrise Food Mart ("Sagun") is a domestic company organized and existing in the State of Florida with its principal place of business within the jurisdiction of this Court."  Complaint at 2.  Additionally, Plaintiff alleges that Defendants Cheryl Wermuth, Linda Kolumbus, and Gary Kolumbus are "resident[s] of Brevard County, Florida and [are] sui generis."  Id.  Finally, Plaintiff alleges that "Defendant, U-Haul Co. of Florida (hereinafter "U-Haul") is a domestic company organized and existing in the State of Florida with its principal place of business within the jurisdiction of this Court." Id.  These allegations are insufficient to demonstrate these Defendants' citizenships.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting

---

[1] Plaintiff has properly alleged its citizenships and has properly alleged the citizenship of Defendant Niranjan Suryakant Patel.  See Complaint at 2.

28 U.S.C. § 1332(c)(1)) (emphasis removed).  Accordingly, the allegation that "Defendant Sagun . . . is a domestic company organized and existing in the State of Florida with its principal place of business within the jurisdiction of this Court" is insufficient to disclose Sagun's citizenships.  The allegation does not disclose the State in which Sagun is incorporated or the location of its principal place of business.  See Hertz, 130 S.Ct at 1185.

Additionally, the allegation that "Defendant U-Haul . . . is a domestic company organized and existing in the State of Florida with its principal place of business within the jurisdiction of this Court" is insufficient to disclose U-Haul's citizenships. Here, Plaintiff does not identify whether U-Haul is a corporation or a different type of business organization. As such, clarification is necessary to establish the Court's diversity jurisdiction. First, Plaintiff must specify whether U-Haul is a corporation or some other type of business organization. If, indeed, U-Haul is a corporation, Plaintiff must identify the state or states in which it is incorporated, as well as U-Haul's principal place of business.

Finally, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). As the Complaint discloses only the residences of Defendants Cheryl Wermuth, Linda Kolumbus, and Gary Kolumbus, rather than their states of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. See

<u>Taylor</u>, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); <u>see</u> <u>also</u> <u>Mississippi Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[2] Accordingly, it is hereby

**ORDERED**:

Plaintiff shall have until **May 21, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of April, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. <u>See</u> <u>McCormick</u>, 293 F.3d at 1257; <u>see</u> <u>also</u> <u>Taylor</u>, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

lc18

Copies:
Counsel of Record